[No. 11127. Department One. — December 28, 1885.]

## M. COLLINS, APPELLANT, *v.* W. LEAN, RESPONDENT.

SEARCH-WARRANT OF PERSON — CONSTITUTIONAL LAW. — The legislature has power to authorize the issuance of a warrant to search the person of an individual in a proper case, and neither the fourth amendment of the United States constitution, nor section 19 of article 1 of the state constitution, prohibits it. Such power has been exercised by the enactment of sections 1523 to 1542 inclusive of the Penal Code.

ID. — OFFICER MAY TAKE PROPERTY NOT ON PERSON — LOTTERY TICKETS. — The warrant in question was regularly issued by a justice of the peace, and directed the officer executing it to make immediate search of the person of the plaintiff for lottery tickets, and if any were found, to bring them before him. The officer, after searching the person of the plaintiff, discoverrd in the room where the search was made a package of such tickets, belonging to the plaintiff and in his possession, but not on his person, and carried them away for the purpose of using them as eviuence against him in a future prosecution. *Held,* that the action of the officer was proper, and authorized by the warrant.

ID. — OWNER NOT ENTITLED TO RETURN OF TICKETS. — After the tickets were no longer required as evidence, the plaintiff demanded that they

should be returned to him. The defendant refused to return them, on the ground that they should be retained to prevent him from committing the offense of selling them. *Held,* that the refusal was authorized by article 4, section 26, of the constitution, and by sections 319 to 326 of the Penal Code, and by order No. 1587 of the board of supervisors of the city and county of San Francisco.

ID. — CUSTODY OF TICKETS AFTER TAKING BY OFFICER — PRESUMPTION. — In the absence of any showing to the contrary, the officer executing the warrant is presumed to have taken the tickets before the magistrate, and having done so, they are not in law in his custody or under his control, but in that of the magistrate.

ID. — ISSUANCE OF WARRANT — KNOWLEDGE OF OFFENSE. — On a review of the evidence, *held,* that the defendant had sufficient personal knowledge that the plaintiff had or was about to commit a public offense to justify him in making the complaint and obtaining the warrant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*R. M. Swain,* for Appellant.

The defendant, not having had personal knowledge of the commission of the misdemeanor, was not justified in obtaining the warrant. (*Reuck* v. *McGregor,* 32 N. J. L. 70; *Burns* v. *Erben,* 40 N. Y. 463; 1 Bishop's Crim. Proc. 167, 181.) The defendant had no right to take the tickets under the warrant. (*McGlinchy* v. *Barrows,* 41 Me. 74; *Flaherty* v. *Longley,* 62 Me. 420; Pen. Code, sec. 1529.)

*Alfred Clarke,* for Respondent.

FOOTE, C.— This is a controversy submitted without action, under section 1138, Code of Civil Procedure, and from the judgment therein rendered, which was in favor of the defendant, an appeal is prosecuted under section 1140, Code of Civil Procedure.

It appears from the agreed statement of facts that, on the third day of April, 1885, Collins, the plaintiff, was a merchant, residing and doing business as such in the city and county of San Francisco, and the defendant a

duly appointed, qualified, and acting police officer of said city and county.

That E. Burke was then and there a duly elected, qualified, and acting justice of the peace in and for said city and county.

That on the day above mentioned, the defendant, acting upon the information which he had received from one Handly, that the plaintiff had sold him (Handly) a lottery ticket on that day, in said city and county, and was then and there engaged in the business of selling lottery tickets to divers persons, applied to E. Burke, as justice of the peace aforesaid, for a search-warrant, to be used for the purpose of searching the plaintiff's person; that the deposition which he then and there made in due form and filed with said justice contained *inter alia* this statement: "That on the third day of April, A. D. 1885, at said city and county, certain tickets in the Louisiana State Lottery were upon the person and in the possession of plaintiff, with the intent to use the same as the means of committing a public offense, viz., selling them for money"; and prayed for a warrant to search for the same.

That on such making and filing of said deposition, E. Burke, as justice of the peace aforesaid, issued under his hand a search-warrant, in due form of law, directed (among others) to any policeman of said city and county, requiring them to make immediate search of the plaintiff's person for such lottery tickets, and if any such were found, to bring them before him.

That on the same day upon which said warrant was delivered to him, with instructions to serve the same, and subsequent to such delivery and instructions, the defendant did search the person of the plaintiff, but failed to find any lottery tickets. But that, after such searching, and before he left the room or place where such search was made, he discovered a package of one hundred such tickets, all of which were the property of and

in the possession of the plaintiff; that the defendant took
and carried them away, for the purpose of using them as
evidence against plaintiff, in a future prosecution, on
the charge of aiding in getting up and drawing a lottery;
that he had no warrant to search the store of plaintiff,
nor did he search the same; that after such event, the
tickets were no longer required as evidence, and plaintiff
demanded that they be returned to him, which defend-
ant refused, on the ground that they should be retained
to prevent plaintiff from committing a public offense,
viz., selling them.

It is urged by the appellant that the judgment of the
court below was erroneous, for the reason that defendant
could not legally apply for and obtain the search-warrant,
because he had no personal knowledge of the facts show-
ing, or tending to show, that plaintiff had, or was about
to commit a public offense.

That the warrant was invalid, and the defendant had
no right to take the tickets from plaintiff's store, as the
warrant did not name it as the place to be searched, but
specified that the search must be of the plaintiff's person.

That the plaintiff, who claimed the lottery tickets as
his property, could not be deprived thereof without due
process of law, and therefore the defendant could not
lawfully retain them for the purpose of preventing the
commission by the plaintiff of a public offense.

The defendant was informed that the plaintiff had the
tickets in his possession; he was an officer of the law,
whose plain duty it was to suppress crime, if he lawfully
could; he acted on this information in good faith, believ-
ing it to be true, and the result showed his belief to be
well founded. The fact that the tickets when found
were under the counter in the room where the plaintiff
then was, and where he did business, did not render it
at all improbable that upon perceiving himself the object
of suspicion, he had, subsequent to the issuance of the
warrant, and before being searched, removed the tickets

from his person and thrown or placed them where they were found. And the officer was undoubtedly justified in making the complaint and obtaining the warrant.

Under article 4 of the amendments to the constitution of the United States, it is provided that no search-warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized. To the same effect is section 19 of article 1 of our state constitution.

As we read those instruments we do not find existent therein any prohibition against the issuance of a search-warrant of the person of an individual in a proper case. Therefore, subject to the limitations of those constitutions, and subject also to the conditions that body may itself have prescribed, it is within the power of our state legislature to authorize the issuance of such a warrant. And this power it has exercised by the enactment in the Penal Code of sections 1523 to 1542 inclusive.

The deposition upon which the warrant was issued and the warrant itself are in due form of law, and conform both to constitutional and statutory requirements.

The warrant was therefore valid, and authorized the defendant to execute it. Although it did not authorize the defendant to search the store or premises of the plaintiff, it did authorize him to seize the lottery tickets specified therein, if found in the plaintiff's possession.

The agreed statement of facts shows the tickets, which are the subject of this action, and taken by the defendant, and which may be presumed to have been removed by the plaintiff from his person and placed where found after the issuance of the search-warrant, were the plaintiff's property and in his immediate possession, and that defendant made no search for them anywhere save on the plaintiff's person.

To admit that he could not take them into his possession under such circumstances, would be to say that the

plaintiff, after he saw the defendant coming into his store, might have stepped to the back of his counter, taken the tickets out of his pockets secretly, and dropped them thereunder, and the defendant would not have been authorized, even when searching the plaintiff at that spot, to stoop down and pick them up.

Conceding all that the plaintiff claims as to the tickets being his property, and that he cannot be deprived of them as such without due process of law under most circumstances, yet nevertheless, it is firmly settled by the law that all rights of property are held subject to such reasonable and proper control of the mode of its keeping and use as may be deemed necessary for and in consonance with the welfare of the general public. And in the exercise of the police power vested in the legislature under our state constitution, certain kinds of property, when held or used so as to be injurious to the general public, may be seized and destroyed.

Under article 4, section 26, of that constitution, the legislature is prohibited from authorizing lotteries for any purpose, and is directed by that clause, which is mandatory upon it, to pass laws prohibiting the sale of tickets for anything in the nature of a lottery. That body has acted in the premises, as shown by the sections of the Penal Code, 319 to 326 inclusive, and by order No. 1587 of the board of supervisors of the city and county of San Francisco, the mere possession of such tickets is made a misdemeanor, and all such laws should receive a liberal construction, with a view to carry out the constitutional policy.

The defendant, therefore, was right in taking the tickets before the magistrate, as commanded by the search-warrant, under sections 1523 and 1529, Penal Code, and he is presumed to have done so in the absence of any showing to the contrary. Having so done, they are not in law in his custody or under his control, but in that of the magistrate, under section 1536, Penal Code,

LXVIII. CAL.—19

subject to the order of the court to which the proceedings before him must be returned.

The acts of the defendant complained of being in accordance with law, the plaintiff has no cause of action against him, and the judgment of the court below should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.