## UNITED STATES v. GOODWIN et al.

(District Court, S. D. California, S. D. August 4, 1924.)

No. 6383.

**I. Intoxicating liquors ⬥248—Requirement as to issuing warrant to search· private dwelling stated; "business purpose."**

Under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), and Act June 15, 1917, §§ 4, 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼d, 10496¼e), application for warrant to search private dwelling should allege facts showing probable cause to believe intoxicating liquor is being manufactured on premises for commercial purposes; such manufacture being "business purpose," which takes from dwelling its private character.

[Ed. Note.—For other definitions, see Words and Phrases, Business Purposes.]

**2. Intoxicating liquors ⬥248—Allegations of affidavit held insufficient to support issuance of search warrant.**

Under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), and Act June 15, 1917, §§ 4, 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼d, 10496¼e), affidavit reciting that affiant on investigating defendant's dwelling detected strong odor of fermenting mash *held* insufficient showing of probable cause that liquor was being unlawfully manufactured therein to warrant search warrant.

**3. Intoxicating liquors ⬥132—Doubt as to construction of National Prohibition Act resolved in favor of purpose to make prohibition effective.**

The Eighteenth Amendment directs Congress to make prohibition effective, and Nation-

al Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) must be presumed to have been designed to carry out that mandate, and any doubt as to construction must be resolved in favor of such purpose.

**4. Intoxicating liquors ⬅⟶249—Burden on party seeking to quash search warrant or evidence obtained thereunder.**

Where search warrant for private dwelling is supported by affidavit showing probable cause to believe intoxicating liquor is being manufactured therein, burden is on party seeking to quash warrant, or evidence obtained thereunder, to show dwelling was not used for purposes charged.

**5. Intoxicating liquors ⬅⟶249—Government may use property seized under search warrant in resisting motion to quash warrant or evidence.**

Government, in resisting motion to quash search warrant, or evidence obtained thereunder, on ground dwelling was not used for illegal manufacture of liquor, may use property seized under such warrant as evidence.

**6. Intoxicating liquors ⬅⟶255—Power of court will not be used to restore possession of intoxicating liquor illegally seized.**

Power of court cannot be used to restore possession of liquor illegally seized by government officers, where its possession is violation of law, since court will not assist in doing unlawful act.

Proceeding by the United States against Alfred Goodwin and another. On defendants' motion to suppress evidence. Motion granted.

Joseph C. Burke, U. S. Atty., of Los Angeles, Cal.

Wallace W. Davis, for defendant Goodwin.

JAMES, District Judge. The motion here presented is to suppress certain evidence alleged to have been obtained from the dwelling house occupied by defendant Alfred Goodwin, on the ground that the search warrant, under the authority of which prohibition officers entered defendant's house, was illegally issued. The facts stated in the verified petition of the defendant were not opposed by any evidence offered by the government. In that petition defendant averred that the house was occupied by him exclusively as a home. The property taken under the warrant consisted of a still, a quantity of fermenting mash, 30 gallons of liquor, and several containers. The matter being presented in open court under the conditions specified, an order was made granting the motion. As the questions involved may be frequently raised hereafter, it is considered advisable that this opinion be filed, to make clear the extent of the court's ruling and the limitations attached to it.

[1] The substantial question involved is: What are the conditions which must be made

to appear under oath, which will authorize the issuance of a warrant entitling prohibition officers to make search of a building which is occupied for dwelling purposes? Section 25 of title 2 of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½m) provides that:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

Except as limited by the foregoing provision, the act recites that search warrants may be issued as provided in an act approved June 15, 1917, 40 Stats. at Large, p. 228 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10212i, 10496¼a–10496¼v). Applying the latter law to offenses under the Prohibition Act, in general it authorizes search to be made of buildings where property therein is possessed or is being used for the purpose of committing any of the prohibited acts. Such a warrant may be issued upon probable cause, supported by an affidavit naming or particularly describing the property or place to be searched. Sections 4 and 5 of the law authorizing search warrants provide as follows:

"Sec. 4. The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them. Section 10496¼d.

"Sec. 5. The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist." Section 10496¼e.

[2] In a proper case, then, it appears that, to give full authority for the issuance of a search warrant, the evidence need establish probable cause only. This evidence may consist of proof of circumstances and conditions which, considered all together, may warrant the inference of probable cause. The affidavit upon which the warrant was issued in this case recited that the affiant, after receiving numerous complaints that liquor was being manufactured and sold on the premises, "made investigation and detected the strong odor of fermenting mash and saw several machines leave the premises." The tangible evidence which that affidavit furnished is all contained in the statement just quoted, for it

was not made to appear who the persons were from whom the hearsay complaints were received, or anything to show upon what facts such complaints were founded.

As to the quoted statement, the assertion that the investigator detected the strong odor of fermenting mash (from what part of the premises we are not informed) cannot be said to furnish sufficient proof of probable cause that the building which was afterwards searched was being used as a place wherein liquor was being manufactured to be sold or disposed of in violation of the law. The experience of the investigator might have been such as to authorize him to say that, from the appearance of things and considering the odor which he noticed, liquor was there being manufactured in commercial quantities and for purposes of sale. There are many small items of circumstances, which can well be imagined open to the observation of a prohibition inspector, which, when fully set forth in an affidavit, would establish ground for the issuance of a warrant to search a building of any class in which liquor is being unlawfully manufactured. The court or the commissioner cannot, from the statement of the one fact that the investigator noticed about the premises an odor of fermenting mash, infer such a case.

I have said that, where the manufacturing of liquor is claimed, the facts should, as presented upon the application for the search warrant, be reasonably susceptible of an inference that there is probable cause to believe that intoxicating liquor is being manufactured on the premises for commercial purposes. That language is used because we are here speaking of the search of a building claimed as a private dwelling. Under the restrictive term of the Prohibition Act forbidding the issuance of a search warrant to search a dwelling "unless it is being used for the unlawful sale of intoxicating liquor or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel or boarding house," there must be a showing of some of the additional uses specified in order to permit the search warrant to issue. While the manufacturing of liquor in such a dwelling is not specified as authorizing search of it to be made, there is every reason to place it in the class of "business purposes" which will take away from a dwelling its exclusive private character. The contrary has been held in at least one district.

[3] If the restrictive provision quoted was intended to protect householders in the unlawful possession of intoxicating liquor, then there would be good reason to construe the words "unless it [the dwelling house] is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel or boarding house," as excluding every use not falling strictly within the precise classes of business mentioned. If that rule were to be followed, the logic of the decision expressing the opposite view would be inescapable. However, a different presumption, I think, must control. The Eighteenth Amendment in its effect expresses a direction to Congress to make prohibition effective. The legislation embodied in the Prohibition Act must be presumed to have been designed for the purpose of carrying out that mandate. Any doubts as to the construction must be resolved in favor of the obvious purpose of the law. The business of manufacturing liquor with a commercial end in view is inconsistent with dwelling purposes.

[4-6] This further observation may be added: Where a search warrant *is supported by an affidavit showing probable cause,* the burden is upon the moving party, who seeks to quash the warrant or the evidence obtained under it, to show that his building was not used for the purposes charged by the officers. And upon any such application the government may, in resisting the claim, use as evidence such property as may have been seized under the authority furnished by the warrant. The intoxicating liquor which was seized in this case was admittedly manufactured and possessed in violation of the law. No application was made for its return. An order for the return of the liquor to the alleged owner would not have been proper, for manifestly the power of the court can never be called into use for the purpose of restoring to a person property the very possession of which amounts to a violation of the law; that is to say, the court cannot be made under any pretext, to assist a person in the doing of an unlawful act, and in this consideration it is immaterial whether the contraband property is held by officers of the United States or indifferent individuals.