[Crim. No. 5537. Second Dist., Div. Three. Apr. 24, 1956.]

THE PEOPLE, Appellant, v. ORIN VERNON MOORE, Respondent.

 

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, S. Ernest Roll, District Attorney (Los Angeles), Jere J. Sullivan, Fred N. Whichello and Lewis Watnick, Deputy District Attorneys, for Appellant.

No appearance for Respondent.

VALLÉE, J.—The People appeal from an order setting aside the information (Pen. Code, § 995) which charged defendant with possession of marijuana. (Health & Saf. Code, § 11500.) The information was set aside on the ground that all evidence against defendant was obtained by illegal searches of his person and his car in violation of his constitutional rights. Defendant was arrested without a warrant and the searches were made without a search warrant.

On two or three occasions about two weeks prior to July 14, 1955, an informant told Officer Challoner of the Los Angeles police force and his partner that a person called "Moose" had been selling marijuana in quantities in a pool hall at 523 East Fifth Street, Los Angeles, and also in a place next door known as the Rainbow Café, that he was tall and thin, "had on a similar type of clothing as the defendant," was careless, and was "a tall stud." The officer testified the informant was not a member of or in the employ of the police department, and that he was in Los Angeles. He was not asked the name of the informant.

Officer Challoner had been in the pool hall many times and was familiar with the people who frequented it but had not seen defendant before the evening of July 14, 1955. That evening he and his partner went into the pool hall. Defendant was sitting there. As the officers entered, defendant glanced over at them. They looked the place over, watching defendant. He appeared nervous. They walked over to defendant and another person who was sitting by him and asked them to step to the rear of the pool hall, that they wanted to have a talk with them. Officer Challoner testified: "They both obliged, and we had a little talk with

them. And the defendant gave conflicting statements as to how long he had been here in the city, and stated he had a vehicle and had all his clothes in the car, it was locked up in the trunk of the vehicle. We ask him if he minded if we went to the vehicle, if he'd come to the vehicle with us, and he said, 'No, it will be all right with me.' '' The officers, with defendant, went to a place nearby where the car was parked. When they arrived the officers looked in the car, found a partially burned, brown marijuana cigarette on the floor mat of the right front seat and two packages of brown cigarette-type paper in an Army-type cap underneath the rear seat. Officer Challoner then asked defendant where the keys to the car were. Defendant said he had loaned the car to a David Bruce, that he did not know him very well, and he had not gotten his keys back. One of the officers then went through defendant's pockets and found keys which fitted the ignition and the trunk of the car. Defendant then said, ''Well, I didn't really loan my car out. I just told you that.'' The officer unlocked the trunk and in it found a brown bag containing about half a pound of marijuana wrapped in a khaki shirt, and a paper sack containing about a quarter of a pound of marijuana wrapped in a road map. When asked, defendant said the shirt was his. He said he did not know where the stuff came from; that someone had broken into his car ''a while back,'' taken some clothes, and whoever it was could have put it in the car. The officers then informed defendant he was under arrest.

A search of a person and the place where he is arrested as an incident to a lawful arrest may be justified only if he was committing or attempting to commit an offense in the officer's presence, or the officer had reasonable cause to believe he had committed a felony, or the arrest is made pursuant to a warrant. (*People* v. *Simon*, 45 Cal.2d 645, 648 [290 P.2d 531].) Reasonable cause is such a state of facts as would lead a man of ordinary care and prudence to believe, or entertain an honest and strong suspicion, that the person is guilty of a crime. (*People* v. *Kilvington*, 104 Cal. 86, 92 [37 P. 799, 43 Am.St.Rep. 73].) Reasonable cause to justify an arrest may consist of information obtained from others and is not limited to evidence that would be admissible at the trial on the issue of guilt. (*People* v. *Boyles*, 45 Cal.2d 652, 656 [290 P.2d 535].) Information provided by an anonymous informer is relevant on the issue

of reasonable cause, but in the absence of some pressing emergency an arrest may not be based solely on such information. (*Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36].) ▮ Such information, together with the personal observations of the police, may justify their reliance on the information they had received. (*Id.*) ▮ If, before the search and seizure, the officers were justified in making an arrest, it is immaterial that the search and seizure preceded rather than followed the arrest. (*People* v. *Simon,* 45 Cal.2d 645, 648-649 [290 P.2d 531].)

▮ The officers had information that a tall, thin man, whose clothing had been described to them, had been selling marijuana in quantities in the pool hall. They were familiar with the place and with the people who frequented it and had never seen defendant there. When they entered the place they observed defendant. H answered the description given them by the informant and appeared nervous. He made conflicting statements as to how long he had been in the city and, when questioned, stated he had a car. When asked if he minded going to the vehicle with the officers, he replied, "No, it will be all right with me." When they reached the car, the officers looked in it and found a partially burned marijuana cigarette on the floor mat and two packages of brown cigarette paper underneath the rear seat. Then they asked defendant for the keys to the car and he stated he had loaned his car to another person and had not received the keys back.

In view of the information the officers had from the informant, the fact that defendant's appearance and clothing agreed with the description they had, his unusual and suspicious conduct, his conflicting stories, inspection of the car with defendant's consent and the finding of a partially burned marijuana cigarette on the floor mat and brown cigarette papers under the rear seat, it was not unreasonable for the officers to entertain an honest and strong suspicion that defendant was guilty of a crime. We think they had reasonable cause to arrest defendant on the information they had before the searches, and as an incident to the arrest were entitled to make the searches of the defendant and the trunk of the car.

The evidence before the magistrate was sufficient to justify the conclusion that a violation of Health and Safety Code, section 11500, had been committed, that the officers had reasonable cause before the search and seizure to believe defendant

was guilty thereof, and therefore the search, seizure, and arrest were lawful.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.