[Crim. No. 3822. First Dist., Div. One. Apr. 10, 1961.]

THE PEOPLE, Respondent, v. PETER AGUIRRIE PRIETO, Appellant.

Helm & Corbett for Appellant.

Stanley Mosk, Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

TOBRINER, J.—We shall consider each of appellant's contentions on appeal: (1) that the police illegally executed a warrant, which purported to grant authority to search appellant's home during the nighttime; (2) that the court improperly refused to permit appellant to show the falsity of the averments in the affidavit supporting the warrant in that the court incorrectly held that appellant's failure to pursue sections 1539 and 1540 of the Penal Code precluded him from so doing; (3) that, in any event, the affidavit did not state, as a matter of law, sufficient facts to demonstrate probable cause for the issuance of the warrant; (4) that the evidence did not justify the court in submitting to the jury the issue of appellant's knowledge and possession of the narcotic. After describing the factual background of the case we shall elucidate our reasons for rejecting these arguments.

On the afternoon of September 13, 1959, one of the officers at the Richmond Police Department received a telephone call from an anonymous young woman who suggested that if he would check a designated phone booth in that city he would find a marijuana cigarette. A second officer investigated the booth and discovered a partially smoked, hand-rolled cigarette. The same anonymous young woman again called the station, inquiring if the cigarette contained marijuana. The officer informed her that it had not been tested but that a criminologist was in the course of analyzing it. She stated she would call back later, and, if the cigarette were found to contain marijuana, give to the officer the name and address of the party from whom she obtained it.

The criminologist for the police department determined that the cigarette contained marijuana. Upon the final call of the anonymous woman the officer informed her of the result of the tests; she then stated that she had obtained the cigarette on the 11th of September from a room in appellant's home. She told the officer that he would find additional such cigarettes in a Kleenex box in the appellant's bedroom at appellant's residence.

At about 5:30 to 6 p.m. the officers obtained a search warrant and proceeded to appellant's residence. In the appellant's absence, the officers displayed the warrant to appellant's sister and undertook the search of his room. They found a Kleenex box in a night stand. The box contained a brown envelope covered by three Kleenex tissues and within the envelope there were three cigarettes. The department later determined that the cigarettes contained marijuana. When appellant returned to his home the officers placed him under arrest. Appellant denied any knowledge of the presence of marijuana cigarettes.

Appellant moved to dismiss the information "on the grounds that no probable cause was shown to hold the defendant." The court denied the motion. At the commencement of the trial appellant objected to the trial "because of issuance of a search warrant without probable cause. . . ." The court overruled the objection and the trial proceeded.

Over appellant's objection the prosecution introduced into evidence the three marijuana cigarettes. The jury returned a verdict of guilty; appellant moved for a new trial; the court denied the motion. The court ordered appellant admitted to probation for a period of five years upon condition, among others, of serving two months in the county jail. Appellant appeals from "the order denying a new trial" and "from the order granting probation. . . ."

We turn to a consideration of the four points on appeal which we have set forth *supra*.

Appellant's failure to urge at the trial his first contention forecloses him from successfully establishing it here. He argues that the warrant, "so far as its command was for search in the nighttime," violated the provisions of section 1533 of the Penal Code, which prohibits a direction in a warrant to execute it during the nighttime, unless the "affidavits are positive that the property is on the person or in the place to be searched. . . ." Since the affidavit in this instance did not positively aver that the cigarettes were on appellant's person or at the place of search, the warrant erred in directing the service in the nighttime. Appellant's failure at the trial to object to the introduction of the evidence upon the ground of the improper execution of the affidavit, however, constitutes a waiver of the point.

The cases hold that if the warrant is in fact executed in the daytime, a failure to insert a directive as to when it

is to be served, or, as in this case, to limit its service to the daytime, is not fatal if the warrant is actually served in the daytime. (*People* v. *Daily* (1958), 157 Cal.App.2d 649 [321 P.2d 469]. See *Johnson* v. *United States* (6th Cir., 1931), 46 F.2d 7; *Yeargain* v. *State* (1940), 69 Okla. Crim. 98 [101 P.2d 273]; *Farmer* v. *Sellers* (1911), 89 S.C. 492 [72 S.E. 224].)

The trial court did not determine factually whether or not service was effected during the daytime because appellant did not draw the issue. Section 7, subdivision 13, of the Penal Code decrees that " 'daytime' means the period between sunrise and sunset''; " 'nighttime' means the period between sunset and sunrise; . . . '' Respondent concurs in appellant's request that the court "take judicial notice that the sun set at Richmond, California on the 13th day of September, 1959, . . . at 7:20 o'clock P.M. . . .'' It is true that the testimony shows the service occurred about 7:30 p.m. But the burden of establishing the invalidity of the warrant rested with appellant (*People* v. *Phillips* (1958), 163 Cal.App.2d 541, 546 [329 P.2d 621]; *People* v. *Acosta* (1956), 142 Cal. App.2d 59, 62 [298 P.2d 29]), and appellant did not urge at the trial its deficient execution as to time.

Appellant's first point meets its nemesis in the failure of presentation of the point in the trial court and in the consequent waiver. (*Robison* v. *Superior Court* (1957), 49 Cal.2d 186, 187 [316 P.2d 1].)

We turn to appellant's second point: that sections 1539 and 1540 of the Penal Code do not apply to this case. Upon the ground that appellant should have pursued his remedies under these sections, the trial court refused to permit him to show the alleged falsity of the statements in the affidavit supporting the search warrant. Appellant attacks the ruling of the trial court because, he urges, the sections frame a procedure for the reacquisition of property wrongfully seized, not for the suppression of evidence. We shall point out, however, that whatever the theoretical merit of appellant's argument, it has been presently foreclosed by the decisions.

Sections 1539 and 1540 were enacted into the Penal Code in 1872, although originally derived from the Statutes of 1851, chapter 29, sections 658-660, page 285. The present sections provide: "If the grounds on which the warrant was issued be controverted, he [the magistrate] must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and authenticated in the

manner prescribed in section eight hundred and sixty-nine.'' (Pen. Code, § 1539.) ''If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken.'' (Pen. Code, § 1540.)

Although, as an original proposition, we might have doubted whether the language of the sections literally applied to an attempt of a defendant to suppress the evidence, rather than to regain it, we think the cases have clearly disposed of the issue. Our court in *Arata* v. *Superior Court* (1957), 153 Cal. App.2d 767 [315 P.2d 473], held that the failure of a defendant to pursue his remedy under the sections precluded him ''from controverting the facts stated in the affidavit upon which the search warrant was based.'' (P. 770.) *Arata* has been followed in *People* v. *Dosier* (1960), 180 Cal.App.2d 436, 440 [4 Cal.Rptr. 309] (decided by this court); *People* v. *Lepur* (1959), 175 Cal.App.2d 798, 802 [346 P.2d 914]; *People* v. *Nelson* (1959), 171 Cal.App.2d 356, 360 [340 P.2d 718]; *People* v. *Phillips, supra,* 163 Cal.App.2d 541, 545; and *People* v. *Thornton* (1958), 161 Cal.App.2d 718, 721-722 [327 P.2d 161].

It is true that the requirement that appellant pursue the sections produces an anomalous situation. The defendant who denies that he ever possessed the contraband must proceed under sections which provide that if defendant shows there was no probable cause for the warrant, ''the magistrate must cause it to be *restored* to the person from whom it was taken.'' (Pen. Code, § 1540; emphasis added.) Nevertheless the procedural remedies have now been integrated into the law, so that they are known to practitioners. A belated change in the interpretation might well produce more confusion than clarification. We must agree with appellant in his observation that the ''trial court properly ruled, under the existing law of this state, that [the] motion (objection) that there be inquiry into probable cause for issuance of the search warrant came too late.''

 Although as a third point appellant attacks the sufficiency of the affidavit to support the search warrant, we believe that it sets forth sufficient facts to demonstrate probable cause for its issuance. While, as we shall point out, the content of the affidavit as to the information obtained from the anonymous informer would not necessarily or singly sup-

port its issuance, the affidavit as a whole, combining this ground with others, affords the basis for probable cause.

The affidavit falls into various segments. That portion which alludes to the informer states in substance that an officer "received a telephone call" from an unidentified woman who stated "that she believed that she was in possession of a marihuana cigarette"; that she said that she would leave it at a designated telephone booth and would thereafter call "to ascertain whether or not this was indeed a marihuana cigarette," and that she would, if this proved to be true, give "further information." The officer received "several subsequent telephone calls ... from this unidentified woman. . . ." "[U]pon being told that the cigareette she had left in the telephone booth was indeed marihuana," the woman said she had taken it on September 11, 1959, "from a room within the home of" appellant, and "that there had been fifteen or twenty such marihuana cigarettes in a Kleenex box in the bedroom" of the home of appellant. In addition to the allegations as to the informer, the affidavit set out: (1) Appellant had been under surveillance of the Richmond Police Department "for many suspected crimes"; (2) appellant was con-victed of burglary in 1947 and arrested in Martinez and Richmond for burglary in 1955; (3) "since 1954" appellant "has been suspected of possession of narcotics, by the said Richmond Police Department. . . ."

We must test whether as a matter of law the averments of the affidavit furnish sufficient competent evidence to support the magistrate's finding of probable cause. (*Arata* v. *Superior Court, supra,* 153 Cal.App.2d 767, 770.) The classical statement of the test is that the affidavit must be such " 'that a reasonably prudent man would be led to believe' " that there was a basis for the search. (*Arata, supra,* at p. 773.) Moreover, we upset the warrant only if it fails as a matter of law, since "[i]t is the function of the trier of the facts, not that of a reviewing court, to appraise and weigh the evidence when presented by affidavit as well as when presented by oral testimony." (*Arata, supra,* f.n. at p. 772, and cases therein cited.) Finally, in weighing the sufficiency of the affidavit, we may be guided by decisions as to the reasonableness of search without a warrant since "[t]he problem is essentially the same whether the arrest is made with or without a warrant." (*Arata* v. *Superior Court, supra,* 153 Cal.App.2d 767, 773; *People* v. *Acosta, supra,* 142 Cal. App.2d 59, 62-63.)

As to that portion of the affidavit which relies upon information procured from the unknown informer, the decisions reject warrants based solely upon such information; they call for a further showing of the reasonableness of police reliance upon it. As the Supreme Court in *Willson* v. *Superior Court* (1956), 46 Cal.2d 291 [294 P.2d 36], states: ". . . evidence must be presented to the court that would justify the conclusion that reliance on the information was reasonable. . . . In some cases the identity of, or past experience with, the informer may provide such evidence . . . and in others it may be supplied by similar information from other sources or by the personal observations of the police." (Pp. 294-295.)

The evidence which will substantiate police reliance upon the information may be of different kinds. It may consist of observation by police of suspicious actions of a defendant. (*People* v. *Moore* (1956), 141 Cal.App.2d 87, 90 [296 P.2d 91] ; *People* v. *Easley* (1957), 148 Cal.App.2d 565, 568-569 [307 P.2d 10] ; *People* v. *Cannon* (1957), 148 Cal.App.2d 163, 166 [306 P.2d 589] ; *People* v. *Soto* (1956), 144 Cal.App.2d 294, 298-299 [301 P.2d 45].) The various showings which have been held to support warrants are set out in the cases: *People* v. *Acosta, supra,* 142 Cal.App.2d 59, (positive statement in affidavit that defendant had committed the crime plus information received from reliable informer) ; *People* v. *Thornton, supra,* 161 Cal.App.2d 718, (past gambling activity, information from informant, police surveillance) ; *People* v. *Nelson, supra,* 171 Cal.App.2d 356, (two telephone calls by an unknown informant followed by police observation of marijuana plants growing in defendant's back yard) ; *People* v. *Brown* (1960), *(Cal.App.) 9 Cal.Rptr. 210, (known, reliable informant and prior conviction for same suspected offense). Similarly, probable cause for an arrest without a search warrant was shown in the following cases: *People* v. *Sayles* (1956), 140 Cal.App.2d 657 [295 P.2d 579], (information from reliable paid informer, prior addiction, police observation) ; *Willson* v. *Superior Court, supra,* 46 Cal.2d 291, (information from unknown informant plus police observation of suspicious activity just prior to arrest) ; *People* v. *Prewitt* (1959), 52 Cal.2d 330 [341 P.2d 1], (telephone information

*A hearing was granted by the Supreme Court on January 18, 1961. The final opinion of that court is reported in 55 Cal.2d 908 [12 Cal.Rptr. 864; 361 P.2d 592.]

from recognized though unidentified voice, considered reliable informant).

Turning specifically to the instant affidavit we note that it comprises more than an unknown informer's bare designation to the police of an asserted criminal. In the first place, the affidavit states that the woman in the original phone call said she "believed" that she possessed a cigarette which contained marijuana and that she would leave it at an accessible place in order that the police could determine if it actually were marijuana. In the second place, the informer gave appellant's name to the police only *after* they assured her of that fact. Hence the information as to the nature of the article was verified and corroborated *before* the search, and the name of appellant was withheld until such verification and corroboration. In the third place, the information as to the location of the narcotic was not given in general terms: the informer specified the exact receptacle in which the substance would be found, as well as the particular room in the house where the receptacle was located.

We do not hold that the search was necessarily justified by such preliminary, if inconclusive, indicia of some responsibility and reliability on the part of the informant; but we believe that these at least are factors which were properly considered with the others presented in the affidavit. We cannot rule as a matter of law that a reasonable person, confronted by these allegations, particularly the specificity of the location of the substance, and, in addition, those we set forth below, would not be convinced that there was probable cause for the search.

The affidavit likewise avers that the appellant had been under the surveillance of the police department for many suspected crimes. We must afford every presumption to the validity of the affidavit and therefore infer that this statement included the crime of possession of narcotics. Indeed, the allegation finds support in an additional one that since 1954 appellant had "been suspected of possession of narcotics. . . ." Superimposed upon these factors we find the allegations as to a burglary conviction and arrests for burglary in Martinez and Richmond. While we do not base our ruling as to the sufficiency of the affidavit upon any one of these elements, or indeed, upon the information received from the informer, we cannot conclude that as a matter of law a magistrate, with such an affidavit before him, would, in issuing the warrant, act without probable cause. A reasonably prudent man could

well be led to believe that these averments established probable cause for the issuance of the search warrant.

The general standard of probable cause has no automatic application. The best we can do is to see if the colors of the particular case falls within the spectrum of the decisions. Here we probe a case that is not too clear, but whose very lack of luster brings it within the clavilux.

Finally, we cannot sustain appellant's fourth point on appeal, that, even assuming the admissibility into evidence of the marijuana cigarettes, the prosecution did not establish his "exclusive custody and control or knowledge" of those objects.

Possession need not be exclusive. As stated in *People* v. *Nelson, supra,* 171 Cal.App.2d 356, quoting *People* v. *Van Valkenburg* (1952), 111 Cal.App.2d 337, 340 [244 P.2d 750] : " 'While it is necessary, on a possession charge, to show knowledge on the part of the defendant (*People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433]), such possession need not be exclusive, and may be shown by circumstances as well as by direct evidence, and may be constructive as well as physical.' " (P. 361.)

In determining whether the evidence justified the trial court in holding the accused for trial, the appellate court in the *Van Valkenburg* case declared: "Certainly finding heroin in a mattress of the bed of the accused, or in his shirt pocket, or in and about his room, raises a reasonable and permissible inference that the heroin was his, even though another person, such as his wife, may share the bed or room with him." (P. 340.) In *People* v. *Gory* (1946), 28 Cal.2d 450 [170 P.2d 433], marijuana was found in the defendant's unlocked box in a prison bunkhouse. The court asserted that the fact that the box was unlocked, thus indicating that someone other than the defendant could have placed the marijuana in it, rendered the situation a " 'close case' " (p. 456) and required submission of the issue of the defendant's knowledge of the presence of the marijuana to the jury.

The evidence in the instant case likewise required submission of the issue to the jury. The evidence established that the officers found three marijuana cigarettes in a Kleenex box in appellant's bedroom. Appellant denied knowledge of its presence and other witnesses (appellant's sister; his sister-in-law; a visitor to the house) established that the Kleenex box had been used throughout the house and by visitors,

thereby raising the possibility that someone other than appellant could have deposited within it the marijuana cigarettes. The court properly submitted to the jury the issue of appellant's knowledge and possession.

Since appellant's attempt to disprove the factual basis for the warrant is foreclosed by his failure to proceed under sections 1539 and 1540 of the Penal Code, since his effort to destroy the efficacy of the affidavit, as a matter of law, fails in the light of its showing of probable cause, since appellant did not raise at the trial level the impropriety of the alleged nighttime execution of the warrant, and since the court properly submitted to the jury the issue of appellant's knowledge and possession, we are constrained to affirm the orders.

We affirm the order denying a new trial and the order granting probation.

Bray, P. J., and Duniway, J., concurred.

A petition for a rehearing was denied May 9, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 31, 1961. Peters, J., was of the opinion that the petition should be granted.