[Civ. No. 1603.   Second Appellate District.—July 17, 1914.]

E. E. BALLAGH, City Clerk of the City of Maricopa (a Municipal Corporation), Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY et al., Respondents.

MANDAMUS—APPEAL FROM ORDER GRANTING—STAY OF PROCEEDINGS—CONTEMPT IN DISOBEYING JUDGMENT.—A judgment granting a peremptory writ of mandate to compel a city clerk to place the name of a candidate on the official ballot, is stayed upon the taking of an appeal from the judgment and the giving of an appeal bond in the sum of three hundred dollars, and an order thereafter made, adjudging the appellant guilty of contempt for disobedience of the judgment, is in excess of the jurisdiction of the court.

ID.—SPECIAL PROCEEDING—APPEALABLE ORDERS—STAY OF PROCEEDINGS. An application for such writ is a special proceeding, from the judgment in which an appeal lies, as provided in section 939 of the Code of Civil Procedure; and section 949 of that code provides in such case, it not being a case specified in sections 942 to 945, both inclusive, that the giving of the undertaking specified in section 941 stays proceedings in the court below upon the judgment.

APPLICATION for a Writ of Review to annul an order adjudging petitioner guilty of contempt.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, E. L. Foster, Charles A. Barnhart, L. R. Godward, and Geo. E. Whitaker, for Petitioner.

H. H. Bell, and Joseph H. Tam, for Respondents.

SHAW, J.—This is an application for a writ of review to annul an order of the court below adjudging petitioner guilty of contempt for the disobedience of its judgment.

Petitioner is city clerk of the city of Maricopa. On March 23, 1914, certain proceedings were instituted in the superior court, in and for the county of Kern, the purpose of which was to secure a writ of mandate directed to petitioner, as said city clerk, commanding him in his official capacity to place and print upon the official ballot to be used in the municipal election held in the city of Maricopa on April 13, 1914, the name of Frank Minium as a candidate for city trustee. Upon trial the court gave judgment in favor of the plaintiff in said

action, and ordered that a peremptory writ as prayed for in the complaint be issued and served upon defendant, all of which was duly done. Defendant in said action, who is petitioner here, refused to comply with the order and appealed from the judgment so rendered, and executed an undertaking in the sum of three hundred dollars, conditioned in accordance with the provisions of section 941 of the Code of Civil Procedure. Thereupon, the Honorable Milton T. Farmer, judge of the superior court of Kern County, issued an order requiring petitioner herein to show cause why he should not be adjudged guilty of contempt for failing to obey the order of said superior court commanding him to place the name of said plaintiff upon said municipal ballot, in response to which defendant appeared and showed that he had duly perfected an appeal from said judgment so rendered by the court. Notwithstanding this fact, the court adjudged him guilty of contempt in refusing to obey the order.

The contention of petitioner is that his appeal duly had and taken deprived the court of jurisdiction to make the order adjudging him guilty of contempt. This appears to be the settled law of the state. The action was a special proceeding, from the judgment in which an appeal lies, as provided in section 939 of the Code of Civil Procedure; and section 949 of the Code of Civil Procedure, provides in such case, it not being a case specified in sections 942 to 945, both inclusive, that the giving of the undertaking specified in section 941 of the Code of Civil Procedure, stays proceedings in the court below upon the judgment. In the case of *Stewart* v. *Superior Court,* 100 Cal. 543, [35 Pac. 156], where an injunction issued was in form mandatory, it was held that an appeal from the judgment accompanied by a bond as provided by section 941, operated as a *supersedeas* to stay execution of the writ. In the case of *Palache* v. *Hunt,* 64 Cal. 473, [2 Pac. 245], a judgment was rendered against petitioner wherein a writ of mandate was issued and from which judgment he prosecuted an appeal, giving an undertaking in the sum of three hundred dollars, and wherein the petitioner applied to the supreme court for a writ of mandate to be issued to the lower court compelling it to fix the amount of an additional undertaking. The court denied the writ upon the ground that the three hundred dollar undertaking, given in accordance with the provisions of section 941, was sufficient to stay the proceed-

ings.   The court says: "We are therefore of opinion that an appeal may be taken to this court from a judgment of a superior court, granting or denying an application for a writ of *mandamus,* and that an undertaking in the sum of three hundred dollars, executed and conditioned according to the provisions of section 941 of the Code of Civil Procedure, stays the execution of the judgment pending the appeal."

We think the court below exceeded its jurisdiction in adjudging the petitioner guilty of contempt.   It is, therefore, ordered that the order of the lower court, whereby petitioner was adjudged guilty of contempt and sentenced to pay a fine of one hundred and fifty dollars, be and the same is hereby set aside and annulled.

Conrey, P. J., and James, J., concurred.