[Civ. No. 20534. First Dist., Div. One. Oct. 7, 1963.]

JAMES DUNN, Plaintiff and Appellant, v. THE MUNICIPAL COURT ·FOR THE EUREKA JUDICIAL DISTRICT OF HUMBOLDT COUNTY, Defendant and Respondent.

860

Hill & Dalton and Charles V. Moore for Plaintiff and Appellant.

Stanley Mosk, Attorney General, John S. McInerny, Harry W. Low, Albert W. Harris, Jr., and Edward P. O'Brien, Deputy Attorneys General, for Defendant and Respondent.

MOLINARI, J.—Petitioner, James Dunn, appeals from an order denying his application for a writ of mandamus directing the municipal court to quash a search warrant on the ground that it was invalidly issued.[1]

### Question Presented

Was the affidavit upon which the search warrant was based sufficient? We have concluded that this question must be answered in the negative.

### Statement of the Case

The petition for a writ of mandate alleges, substantially,

---

[1]Although the appeal is designated as being from an "Order Denying petitioner's application for a Writ of Mandamus," it is properly an appeal from a final judgment in a special proceeding. (See Code Civ. Proc., § 963; see also 3 Witkin, Cal. Procedure, § 16, pp. 2158-2159; and see *Ruddell* v. *Warne*, 73 Cal.App.2d 907, 908-909 [167 P.2d 811].) An appeal lies to the District Court of Appeal from the granting or denial of relief in a proceeding in mandamus. *Ballagh* v. *Superior Court*, 25 Cal.App. 149, 150-151 [142 P. 1123]; *Knowles* v. *Thompson*, 133 Cal. 245, 248 [65 P. 468]; *Keech* v. *Joplin*, 157 Cal. 1, 7 [106 P. 222].)

as follows: That petitioner has been accused in the municipal court of a violation of section 3081 of the Fish and Game Code; that on or about the 18th day of December, 1961, one A. F. James made an affidavit for the issuance of a search warrant; that said affidavit states as follows: "On the *18th day of December 1961,* personally appeared before me *Warden A. F. James* who being duly sworn, under oath makes complaint and deposes and says that he has and there is just, probable and reasonable cause to believe, and that he does believe and states on the following grounds, that there is now in the possession of *illegal deer meat and/or elk meat [sic]* at and in the premises situated at *3860 F Street, Eureka* (Description of location of premises to be searched) which consist of *house, garage and all out-buildings* (Description of premises; i.e. house, outbuildings, barns, vehicles) in the City/Town/Township of *Eureka,* Judicial District of *Eureka,* County of *Humboldt,* State of California, the following personal property, to wit: *deer or elk meat illegally possessed.* That your affiant is a deputized law enforcement officer of the Wildlife Protection Branch of the California Department of Fish and Game; That your affiant believes, and so states, that the said person in possession thereof intends to use said property as a means of committing a public offense and holds and retains said property for the purpose of concealing it or preventing its being discovered; that possession of the said property is a violation of (Section —— of Title 14 of the California Administrative Code and) Section *3081* of the California Fish and Game Code, a misdemeanor, to wit: *possession of unstamped deer or elk or parts thereof.* That your affiant bases his belief upon the following information/personal observation: *I have the sellar [sic] of the deer and elk meat sold to James Dunn and part of this meat should be at the residence of James Dunn"*;[2] that upon reading said affidavit the judge of the Eureka Judicial District issued a search warrant;[3] that, thereafter,

---

[2]The italicized portions represent blanks filled in on a form affidavit.

[3]The search warrant reads as follows: "To any Sheriff, Constable, Marshall, Policeman or Law Enforcement Officer of the Department of Fish and Game in the County of Humboldt. Proof, by affidavit, having been this day made before me by Warden A. F. James that there is just, probable and reasonable cause for believing that there is now certain personal property, to wit: illegal deer and/or elk meat, in the possession of James Dunn in the County of Humboldt, State of California, and that said James Dunn intends to use said property as a means of committing a public offense, and holds and retains said property in violation of (Section — of Title 14 of the California Administrative

petitioner made a motion in the said municipal court to quash the warrant, and for an order directing the return of any items seized under and by virtue of the warrant;[4] that the municipal court denied said motion; that no appeal lies from the order of said municipal court; that petitioner has no adequate remedy at law; and that petitioner will be forced to stand trial and risks being convicted upon evidence which has been obtained in violation of the Constitution of the State of California and the provisions of the Penal Code applicable to search warrants.

An order to show cause was issued by the court below to the municipal court ordering it to show cause why a writ of mandamus should not issue directing it to issue its order quashing the search warrant. The matter thereafter came before the trial court for argument, no return to the petition having been filed by respondent,[5] and thereupon the court

---

Code and) [Reference to Administrative Code stricken in original] (Section 3081 of the California Fish and Game Code, a misdemeanor, to wit: possession of unstamped deer or elk meat. You are therefore commanded, in the daytime (or at any hour of the day or night) to make immediate search of the premises situated in said County of Humboldt situated at 3860 F Street, Eureka (Description of Location of Premises) which consists of house, garage and all out-buildings (Description of Premises, Number of Buildings, Sheds, Barns, Vehicles, Garages) for the following property, to wit: illegal deer or elk or parts thereof. And if you find the same, or any part thereof, to bring it forthwith before me at Eureka Municipal Court, or retain it in your custody according to the provisions of Section 1536 of the Penal Code of California. Given under my hand and dated the 18th day of December, 1961. By Robert M. Conners, Judge of the Justice/Municipal Court Eureka Judicial District County of Humboldt, State of California. Found about 10 lbs. jerkey, 57 pkgs. deer meat at house. A. F. James 12-20-61.''

[4]Among the points and authorities cited in support of the motion were sections 1523 to 1942 of the Penal Code. The reference was obviously to sections 1523 to 1542, which are all of the sections under the title designated ''Search-warrants'' in said code. (Ch. III, pt. II, tit. XII.)

[5]Where no answer, demurrer, or return is filed a hearing is had on the petition. Allegations of the petition not denied by answer are taken as admitted. (*Ertman* v. *Municipal Court*, 68 Cal.App.2d 143, 149 [155 P.2d 908, 156 P.2d 940]; *Baumgardner* v. *City of Hawthorne*, 104 Cal.App.2d 512 [231 P.2d 864].) And where the pleadings raise no issue of fact the proceeding will be considered on the facts as alleged in the petition (*Norman* v. *Superior Court*, 75 Cal.App. 705 [243 P. 451]); however, even though the allegations are taken as true, the petition must be dismissed or the relief denied where no grounds for relief appear. (*McPheeters* v. *Board of Medical Examiners*, 82 Cal.App.2d 709 [187 P.2d 116].)

denied the peremptory writ.[6]

It is clear from the trial court's order denying relief, and the briefs of the parties, that the petition was considered upon the basis of whether it stated facts sufficient to warrant the granting of the relief sought as a matter of law. This, as indicated by the trial court's conclusions recited in its said order, was addressed essentially to the sufficiency of James' affidavit.[7] Accordingly, the trial court concluded that that affidavit was sufficient, as a matter of law, to support the issuance of the search warrant. This determination is attacked on appeal by petitioner, who makes the following contentions: (1) That the affidavit is inadequate to authorize a search of the premises at 3860 F Street, Eureka; (2) the property to be seized is not particularly described; (3) the affidavit does not show probable cause; and (4) the facts shown do not legally justify the issuance of a warrant.

■ Before proceeding to the consideration of petitioner's contentions, it should be noted that it has been held that where a search warrant is valid on its face and the defendant seeks to attack the truth of the statements in the supporting affidavit, he must proceed under sections 1539 and 1540 of the Penal Code,[8] and that if he does not avail himself of this remedy, the facts upon which the warrant was issued may not be controverted at a preliminary hearing, at a hearing of a motion under section 995, or at a trial.[9] (*People* v. *Keener*,

---

[6]The order of the trial court is entitled "Order Discharging Writ of Mandamus" and recites that "the writ of mandamus be discharged and the matter is remanded to the Municipal Court for further proceedings." As no alternative writ had been issued, the matter proceeding upon an order to show cause, there was no writ to discharge. The effect of the court's order was to deny the peremptory writ, it appearing that it was the trial court's intent to deny relief. This was the obvious effect of the order, and it has been so treated by the parties to this appeal.

[7]The trial court's order denying the writ recites that in view of the failure of respondent to file a return the facts contained in the petition are uncontroverted, and that the issue presented is whether, as a matter of law, the petition recites facts sufficient to warrant the granting of a peremptory writ of mandamus.

[8]Unless otherwise indicated, all code references hereinafter are to the Penal Code.

[9]Sections 1539 and 1540 provide:

"If the grounds on which the warrant was issued be controverted, he must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and authenticated in the manner prescribed in section eight hundred and sixty-nine."

"If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believ-

55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587] ; *People* v. *Dosier,* 180 Cal.App.2d 436, 440 [4 Cal.Rptr. 309] ; *People* v. *Lupur,* 175 Cal.App.2d 798, 801-802 [346 P.2d 914].) ██ It should also be noted that section 1466, which sets forth the decisions of an inferior court from which an appeal may be taken in a criminal case, does not authorize an appeal from an order made under sections 1539 and 1540 or from a denial of a motion to quash a warrant. *(People* v. *Keener, supra,* p. 720.) ██ Where the defendant does apply to the magistrate for relief under sections 1539 and 1540, however, he may seek an extraordinary writ, such as mandamus or prohibition, as a means of obtaining relief from an erroneous decision upon proceedings under sections 1539 and 1540. *(People* v. *Keener, supra,* p. 720.)

██ Although petitioner's motion in the municipal court was broad enough to encompass the grounds for relief set forth in sections 1539 and 1540, he did not elect to so proceed; that is, he did not controvert the facts stated in the affidavit upon which the search warrant was based. Moreover, no testimony was taken as provided in section 1539. Accordingly, petitioner is now precluded from challenging the facts set forth in the supporting affidavit. (*People* v. *Marion,* 197 Cal.App.2d 835, 839 [18 Cal.Rptr. 219] ; *People* v. *Prieto,* 191 Cal.App.2d 62, 66 [12 Cal.Rptr. 577].) Petitioner is not, however, precluded from a review of the decision of the municipal court confined to a reading of the affidavit and determining therefrom its sufficiency as a matter of law. (*Arata* v. *Superior Court,* 153 Cal.App.2d 767, 770 [315 P.2d 473] ; *People* v. *Perez,* 189 Cal.App.2d 526, 531-532 [11 Cal. Rptr. 456].) This is precisely what petitioner asked the court below to do, and is what he is asking us to review. [5] The problem here presented, then, is the sufficiency of the affidavit *on its face.* The denial of the motion to quash by the municipal court was clearly upon a question of law going to the sufficiency of the affidavit. No appeal lying from such a denial, the extraordinary writ, as in the review of proceedings arising under sections 1539 and 1540, is appropriate. (*People* v. *Keener, supra*; see *Aday* v. *Superior Court,* 55 Cal.2d 789 [13 Cal.Rptr. 415, 362 P.2d 47] ; and see *Arata* v. *Superior Court, supra* (prohibition).)

Aside from the contention that the property to be searched

ing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken.''

was not particularly described in the affidavit or the warrant, the other contentions made by petitioner relate to whether there was probable cause for the issuance of the warrant.[10] Before discussing the question of probable cause we shall dispose of the contention made relative to the description of the property to be searched.

### The Description of the Property to be Searched

The statutory reference is to the property sought to be made the object of the search. (*People* v. *Mayen*, 188 Cal. 237, 242 [205 P. 435, 24 A.L.R. 1383]; *Atlas Finance Corp.* v. *Kenny*, 68 Cal.App.2d 504, 514 [157 P.2d 401].) ▨ The requirement of the code that the property be particularly described is met if the property is described with " 'reasonable particularity.' " (*People* v. *Mayen, supra,* p. 242; and see *Aday* v. *Superior Court, supra,* p. 796.) ▨ In the instant case the property was described as "illegal deer meat and/or elk meat"; "deer or elk meat illegally possessed"; and "unstamped deer or elk or parts thereof." This description was adequate. We fail to see how it could be more particularly described. As aptly observed by the trial judge, deer or elk meat does not have "serial numbers or brand names." The words "illegal," "illegally possessed," "unstamped" neither add to nor detract from the particularity of the description although they may have some bearing on the question of probable cause. In *Keener,* the property was described as "stolen typewriters, adding machines, and guns...." (P. 717.) We find no intimation in *Keener* that such description was not adequate. To the contrary, the Supreme Court therein noted that the property to be seized was particularly described in the warrant and its supporting affidavit.

### Probable Cause

▨ A warrant must be issued by a magistrate (§ 1523) if he is satisfied from the affidavit or affidavits "of the existence

---

[10]The pertinent constitutional and statutory provisions are as follows:

Article I, section 19, of the Constitution of the State of California provides as follows: " [N]o warrant shall issue, but on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized."

Section 1525 provides: "A search-warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

Section 1527 provides: "The affidavit or affidavits must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist."

of the grounds of the application, or that there is probable cause to believe their existence. . . .'' (§ 1528.) █ The issuance of a warrant is a judicial act based on facts found by the magistrate. (*Arata* v. *Superior Court, supra,* 153 Cal. App.2d 767, 769; *People* v. *Nelson,* 171 Cal.App.2d 356, 360 [340 P.2d 718].) Accordingly, the issuance of a search warrant is an adjudication that probable cause exists for the search. (*Arata* v. *Superior Court, supra,* p. 770.) █ If the apparent facts set out in the affidavit are such that a reasonably prudent man would be led to believe that there was the commission of an offense, there is reasonable cause for the issuance of a search warrant. (*Arata* v. *Superior Court, supra,* p. 773; *People* v. *Acosta,* 142 Cal.App.2d 59, 62-63 [298 P.2d 29].) In the instant case our examination is directed to whether the supporting affidavit shows competent evidence, on its face, to support the magistrate's finding of probable cause when he issued the warrant.

█ Having described the property and place to be searched, specified the grounds for the search, and having stated that there is reasonable and probable cause to believe that the grounds and facts thus recited do exist, the affiant proceeded, in said affidavit, to detail the evidentiary facts upon which he based his belief. This belief, he states, is based ''upon the following information/personal observation: I have the sell*ar* of the deer and elk meat sold to James Dunn and part of this meat should be at the residence of James Dunn.'' Unless this last-mentioned averment affords the basis for probable cause, the description of the property and the place to be searched and the grounds for the search are rendered ineffective because they find their support in this segment of the affidavit. The said items of description and grounds for the search are not expressed positively by the affiant but upon a belief based upon the averment quoted above. We must, therefore, test whether as a matter of law the said averment furnishes sufficient competent evidence to support the magistrate's finding of probable cause. █ In doing so we are mindful that it is the function of the trier of the facts, and not that of a reviewing court, to weigh and appraise the evidence when presented by affidavit as well as when presented by oral testimony. (*People* v. *Prieto, supra,* 191 Cal.App.2d 62, 68; *Arata* v. *Superior Court, supra,* p. 772.) █ We can only upset the warrant if the affidavit fails as a matter of law. Accordingly, in weighing the sufficiency of the affidavit, we are guided by the decisions as to

the reasonableness of the search without a warrant since "[t]he problem is essentially the same whether the arrest is made with or without a warrant." (*Arata* v. *Superior Court, supra,* p. 773; *People* v. *Prieto, supra,* p. 68.)

The vital question before this court is whether the affidavit provides a factual basis for probable cause, i.e., whether it shows a state of facts as would lead a man of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion that the charge is true. (*People* v. *Perez, supra,* 189 Cal.App.2d 526, 532; *People* v. *Prieto, supra,* p. 68.) In determining probable cause for issuance of a search warrant we consider the facts stated in the supporting affidavit, whether expressed positively or in terms of information or belief. (*Arata* v. *Superior Court, supra,* at p. 773.) Accordingly, reasonable cause may consist of information received from others, provided that such informers are reliable (*People* v. *Prewitt,* 52 Cal.2d 330, 337 [341 P.2d 1]; *Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36]; *People* v. *Cedeno,* 218 Cal.App.2d 213, 219 [32 Cal.Rptr. 246]); and a search may be made solely on the basis of information received from a single reliable informant. (*People* v. *Cedeno, supra,* p. 219; *Ovalle* v. *Superior Court,* 202 Cal.App.2d 760, 763 [21 Cal.Rptr. 385].) To justify reliance on the information received the informer must be known to the officer to be reliable, and must be a person whom the officer in good faith believes to be trustworthy. (*People* v. *Bates,* 163 Cal.App.2d 847, 851 [330 P.2d 102]; *People* v. *Williams,* 196 Cal.App.2d 845, 850 [16 Cal.Rptr. 842]; *People* v. *Cedeno, supra,* p. 219.) The reliability of the informant may be shown by past experience with the informant, i.e., the officer must have had sufficient dealings with the informant to give him reasonable cause to believe that the informant is reliable and that the information given by him is truthful. (*People* v. *Bates, supra,* p. 851; *People* v. *Cedeno, supra,* p. 220.) Accordingly, information which in the past has led the police to valid suspects has been regarded as tested reliable information. (*People* v. *Dewson,* 150 Cal.App.2d 119, 128 [310 P.2d 162]; *People* v. *Roland,* 183 Cal.App.2d 780, 784 [6 Cal.Rptr. 895].) Although the police officer may not have had past experience with the informant, his reliability may be substantiated by the proven accuracy of the information from other sources known to be accurate or from substantial corroborative facts known or discovered. (*People* v. *Bates, supra,* at p. 852; *People* v. *Cedeno, supra,* p. 220.) In determining reasonableness

there is no exact formula by which a court may be guided, but each case must be decided on its own facts and circumstances, and on the total atmosphere of the case. (*People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577]; *People* v. *Cedeno, supra,* p. 220.)

## The Reliability of the Informant

It is obvious from a reading of the averment in question that there are no facts stated based upon the personal observation of the affiant, but that the basis for his belief is information received from another person. The People contend that the statement "I have the seller of the deer and elk meat sold to James Dunn and part of this meat should be at the residence of James Dunn" must be understood to mean that the seller of the deer and elk meat informed the affiant that such meat should be at the residence of the buyer of the meat, i.e., James Dunn (petitioner herein). The statement in question obviously lacks clearness. However, even if we should adopt the People's interpretation, the statement contains nothing more than an averment that an unidentified seller informed the warden that he sold such meat to petitioner and that the officer might expect some of the meat to be at petitioner's residence. While it is not necessary that an affidavit for a search warrant, or the warrant itself, reveal the identity of the informant in order to give validity to the search warrant (*People* v. *Keener, supra,* 55 Cal.2d 714, 723), the affidavit must state facts showing that the informant was reliable. In the instant case the status of the informant is that of an informer whose reliability has not been shown. There are no facts stated to show that the informant was known to the officer, or that the officer had had any past or sufficient dealings with the informant upon which to base a belief that the information was reliable or truthful. Nor do we have any statement of corroborative facts known or discovered. At best all that we have in the instant case is a statement by an informer, whose identity is not revealed, that he sold deer and elk meat to the petitioner. There is no showing that anything else was said. Thus the affidavit is barren of any information as to when[11] and where the sale took place; nor does it indicate that any

---

[11]It should be noted that had the information been reliable, the fact that the affidavit referred to possession in the present tense, without giving the exact date thereof, would not have renderd the warrant invalid. (See *People* v. *Nelson,* 171 Cal.App.2d 356, 359 [340 P.2d 718]; *Hanson* v. *State of Oklahoma,* 55 Okla. Crim. 138 [26 P.2d 436].)

information was imparted that the address at 3860 F Street, Eureka, was petitioner's residence. To this extent, the contention of petitioner that there are no facts connecting him with the premises at said address is well taken.[12] Moreover, there are no facts stated whatsoever, either upon information, personal observation or corroborative facts known or discovered, which establish a basis for the search of the premises described. The conclusion is thus compelled, that to predicate a search warrant upon such a meager and unsubstantiated statement, does violence to the spirit and meaning of the constitutional guaranty against unlawful search and seizure.

The People contend that *Keener* is a "precise parallel" to the case at bench, and that the decision therein is controlling. A reading of *Keener* discloses that it differs substantially from the case at bench. In that case probable cause was found to exist where the affidavit stated that an informant, whose identity could not be revealed without endangering his safety, advised the affiant that three named persons were engaged in bookmaking activities at two specified addresses, that the named persons had received certain stolen typewriters, adding machines and guns, which were located at the two addresses, and that a vehicle with an identified license number was used in transferring typewriters and adding machines to one of the addresses. The affidavit also stated that the informant had given information to police officers in the past which led to four arrests for bookmaking and that the persons arrested were held to answer at preliminary hearings. The affidavit further stated that an investigation of governmental and public utility records revealed that each of the named persons had been previously arrested a number

---

[12]We do not intend to convey the impression that it was necessary to connect James Dunn with the described premises. As long as there is probable cause to believe that the property sought to be searched for is contained in the premises particularly described, it is not neccessary to identify or describe the person who is in possession of the premises. The constitutional (art. I, § 19) and statutory provisions (§ 1525) providing for the "naming or describing" of the person obviously refer to the situation where the search sought is of a person rather than a place. A search warrant may be obtained for the purpose of searching the person or place named, or both, for the property specified. (§§ 1528 and 1529.) Moreover, if the search warrant is otherwise valid, a search of the place named in the warrant may be effected irrespective of who is present, and even in the absence of any person. (§ 1528.) Furthermore, section 1524 provides that the property or thing described "may be taken on the warrant from any place, or from any person in whose possession it may be,"

of times on charges relating to bookmaking; that one of them had previously been arrested for burglary; that the vehicle mentioned by the informant was registered to individuals who were relatives of one of the three named persons, and that relatives of two of the named persons were connected with the addresses. We thus have a situation in *Keener* where the search warrant was issued on the basis of information received from a reliable informant whose reliability is not only shown by past experience with him, but is also substantiated by substantial corroborative facts discovered by the police.

The People likewise rely on *People* v. *Perez, supra,* 189 Cal.App.2d 526, and *Arata* v. *Superior Court, supra,* 153 Cal.App.2d 767. Without narrating the particular facts of these cases, it suffices to say that in each of these, the affidavits contained, in addition to the information received from the informant, a statement of facts substantially corroborating the information, based upon the personal observation or surveillance of the police, and resulting from police investigation. In *People* v. *Prieto, supra,* 191 Cal.App.2d 62, Justice Tobriner notes that the evidence which will substantiate police reliance upon the information may be of different kinds, and proceeds to review the various showings which have been held to support warrants. A perusal of each of these cases discloses that in each we have something more than mere information, as in the present case, but additional corroborative circumstances, such as observations of the suspicious actions of a defendant; positive statements in the affidavit; past activities; police surveillance or observation; prior conviction for some suspected offense; or prior addiction.

### Scope of Magistrate's Examination

The People argue further, that section 1526[13] allows the magistrate to examine the person seeking the warrant for the purpose of soliciting additional facts upon which to base a determination of probable cause, and suggest that this procedure may have been followed in the instant case. This section provides, however, that when the magistrate elects to follow this procedure he *must* take the affidavit of

---

[13]Section 1526 provides as follows: "The magistrate may, before issuing the warrant, examine on oath the person seeking the warrant and any witnesses he may produce, and must take his affidavit or their affidavits in writing, and cause same to be subscribed by the party or parties making same."

such witness in writing and cause the same to be subscribed by the party making the same. The record before us does not disclose that any such affidavit or affidavits were taken. There is only one affidavit before us and that is the affidavit of the game warden which we have hereinabove discussed and analyzed. Because this court must look to the affidavits supportive of the search warrant in order to determine the sufficiency of the evidence to sustain a finding of probable cause, we are obliged to consider the sole affidavit before us, and are not required to speculate whether other evidence was presented to the magistrate before he issued the warrant.

### *Was a Showing of Specific Intent Necessary?*

Although not necessary to the disposition of this case, because of the conclusions hereinbefore reached by us, we shall, nevertheless, proceed to discuss the unique argument made by petitioner that in a case charging possession of contraband property it is incumbent upon the People to show that there exists in the mind of the possessor the specific intent to use the property as a means of committing a public offense. This contention is predicated upon the language of subdivision 3 of section 1524, which provides, among the grounds for the issuance of a search warrant, that it may be issued "When the property or things are in the possession of any person *with the intent* to use it as a means of committing a public offense...."[14] (Italics added.) Petitioner has cited no cases or authority in support of his position, nor have we been able to find any cases in this state which have interpreted the statutory language in question.

We are of the opinion that the resolution of the question depends upon the context in which the word "possession" is used. We are satisfied that when the reference is to the possession of property, the having or holding of which is not in violation of law, there then must be a showing of a specific intent to use such property for the commission of a public offense before a warrant may issue for its search and seizure. On the other hand, where the possession is declared to be unlawful by law, it is not necessary to show a specific intent to use it for the commission of a public offense because the possession itself is the public offense. Section 3081 of the Fish and Game Code[15] does not provide that specific intent

[14]This is one of the grounds upon which the issuance of the warrant in the instant case was based.

[15]Section 3081 of the Fish and Game Code reads in pertinent part as follows: "It is unlawful to possess deer, elk, bear, or antelope meat except as follows: (a) During the open season where taken and for 15

is an ingredient of the statutory offense therein denounced; nor does petitioner so contend. If a specific intent is not made an ingredient of a statutory offense it is not necessary to prove such specific intent in order to justify a conviction. (*People* v. *Gory,* 28 Cal.2d 450, 453 [170 P.2d 433]; *People* v. *Dillon,* 199 Cal. 1, 11 [248 P. 230].) To render a person guilty of a public offense in which specific intent is not an ingredient it is sufficient that he intentionally committed the forbidden act. (*People* v. *Bateman,* 175 Cal.App.2d 69, 74 [345 P.2d 334]; *People* v. *Dillon, supra,* p. 7.) It is not essential to prove that the person charged entertained any intent to violate the law. It is presumed that an unlawful act was done with an unlawful intent. (Code Civ. Proc., § 1963, subd. 2.) One who possesses deer or elk meat, except as provided in section 3081 of the Fish and Game Code, is presumed to do so with an unlawful intent. By the mere possession of such meat in violation of the statute, the possessor is thereby using it as a means of committing a public offense within the contemplation of section 1524, subdivision 3. To hold otherwise would require a higher degree of proof for the issuance of a search warrant than for the conviction of the offense charged. It is important to keep in mind, moreover, that in determining probable cause for the issuance of a search warrant, the question is not whether the offense charged was in fact committed, but whether the affiant had reasonable grounds to believe that the law was being violated on the premises to be searched. (*People* v. *Acosta, supra,* 142 Cal.App.2d 59, 62.) It should also be noted that a search warrant may be issued even though a complaint has not been filed charging any person with a crime in respect to the property which is the subject of the warrant. (*Modern Loan Co.* v. *Police Court,* 12 Cal. App. 582, 584 [108 P. 56].) A search is not rendered unlawful merely because it precedes rather than follows the arrest. (*People* v. *Torres,* 56 Cal.2d 864, 866 [17 Cal.Rptr. 495, 366 P.2d 823].)

### *Should the Peremptory Writ Issue?*

 The People contend that, in any event, the peremptory writ cannot issue because the writ cannot command the return of the illegal meat seized under the search warrant. The argument is made that because the meat is contraband

days following the last day when such mammals may be legally taken in the area where taken. (b) At any time if marked pursuant to regulations established by the commission. . . . ''

the owner is not entitled to its return, even if the warrant did not properly issue. Any property in possession of petitioner in violation of section 3081 of the Fish and Game Code is, of course, contraband, and petitioner is not entitled to have it returned. (*Aday* v. *Superior Court, supra,* 55 Cal.2d 789, 800.)

Petitioner is not, however, demanding the return of the meat in question. By his petition he is only seeking to quash the warrant by which it was seized so as to render the meat inadmissible as evidence.[16] While it is true that in his motion to quash petitioner also sought the return of the items seized under the writ, he does not contest the order of the municipal court denying his motion to have such property restored to him. The apparent contention of the People is that the two grounds for relief are interdependent and that the denial of relief as to one ground precludes a granting of relief on the other. The People cite no authorities for this proposition. ▮ We are satisfied that the motion to quash on the ground of the invalidity of the search warrant is severable from a motion seeking the return of the items seized by virtue of the warrant. To hold otherwise would lead to the absurd result of precluding an attack upon the validity of a search warrant merely because the fruits of the search turn up contraband property. ▮ As has been repeatedly stated by the United States Supreme Court and the appellate courts of this state, a search cannot be justified by what it turns up. (See *Johnson* v. *United States,* 333 U.S. 10, 16-17 [68 S.Ct. 367, 92 L.Ed. 436, 441-442] ; and *People* v. *Brown,* 45 Cal.2d 640, 643 [290 P.2d 528].)

The judgment is reversed, with instructions to the trial court to issue a peremptory writ of mandate directing respondent municipal court to vacate and set aside its previous order denying the motion to quash the search warrant and to make its order quashing said search warrant.

Bray, P. J., and Sullivan, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 4, 1963.

---

[16]If the search warrant is void because issued without probable cause, the search and seizure pursuant to it are illegal and the articles obtained as a result thereof are not admissible in evidence. (*People* v. *Berger,* 44 Cal.2d 459, 461 [282 P.2d 509]; *People* v. *Perez,* 189 Cal. App.2d 526, 531 [11 Cal.Rptr. 456].)