[Crim. No. 11135.   Second Dist., Div. Four.   Mar. 1, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. VIDAL HERNANDEZ AGUILAR, Defendant and Appellant.

T. Anthony Sanfilippo, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with possession of narcotics for sale (Health & Saf. Code, § 11500.5). Trial by

jury was waived, and the case was submitted on the transcript of the preliminary examination. He was found guilty, a motion for new trial was made and denied, probation was denied, and a sentence of imprisonment in state prison was imposed. He has appealed.

The only issues raised on appeal, or in the trial court, relate to the validity of the search warrant used to secure evidence against defendant and to the conduct of the officers in connection with the execution of that warrant. These points were duly raised by a traverse to the warrant and by objections made at the preliminary examination,[1] and they were renewed thereafter at the subsequent stages of the case. It is not questioned that they are properly before us on this appeal.

On October 14, 1964, Officer Cook, a sergeant in the Sheriff's Department of Los Angeles County, presented to a magistrate an affidavit for a search warrant and, on that date, the magistrate issued a warrant for the search of certain described premises, a described automobile, and of defendant's person.[2] The warrant expressly authorized service "at any time of the day or night." The warrant was served at about 7:50 p.m. on the same day (admittedly "at night"). As defendant was about to enter his automobile (the same vehicle as that described in the affidavit and in the warrant), he was arrested and searched, the search disclosing his possession, on his person, of a hypodermic needle and a package of condoms containing heroin. Defendant was then advised of the existence of the search warrant, the premises described therein were searched, resulting in the discovery of more heroin, milk sugar, and other narcotic paraphernalia.

It is not here contended that the evidence so discovered, if lawfully obtained, was insufficient to support the finding of possession for sale. As above indicated, the appeal is based solely on the claim that the warrant was void and that the arrest of defendant was without probable cause.

---

[1]By stipulation, the traverse to the warrant was heard before the judge who conducted the preliminary examination and as part of a single hearing. As a result, it is impossible to separate evidence offered on the traverse from that offered as part of the preliminary examination. However, the defendant offered no evidence on his own behalf and the People offered only the testimony of Officer Cook, whose affidavit for the search warrant is involved: Officer Cook's testimony in no way contradicted his affidavit. It follows that the sole issue concerning the warrant is one of law—namely, the sufficiency of the affidavit—and that point could, under California procedure, have been raised without a traverse. (*Dunn* v. *Municipal Court* (1963) 220 Cal.App.2d 858, 866-867 [34 Cal.Rptr. 251].)

[2]We set out the affidavit, in full, in an appendix to this opinion.

I

We think that the objection to the manner of arrest of defendant is without merit. The contention is that the arrest was not justified by the warrant, since the warrant authorized only search and not arrest, and that there was insufficient probable cause to justify an arrest without warrant.

Even if this contention were sound it would not avail defendant. The search of his home (which, as later discussed, we find to have been lawful) produced more than enough evidence to support the conviction; the articles found on defendant's person added nothing of significance to the case against him.

However, we think that there was no error. The warrant did authorize a search of defendant's person. Since it is an obvious impossibility to search the person of an individual without first taking him into custody, the warrant impliedly authorized an arrest as a step in the authorized search. And it is the product of the search which was used against defendant and of which he complains. The search being lawful, the evidence thereby obtained was admissible.

The Attorney General argues that the arrest of defendant was a lawful nonwarrant arrest, based on information possessed by the officers which amounted to reasonable cause to believe defendant guilty of a narcotic offense. Athough, as we discuss below, the information known to the officers and set forth in the affidavit was sufficient to support the warrant, it is settled that more information is necessary to justify a nonwarrant arrest than is required to sustain a magisterial decision to issue a warrant.[3] Clearly, without the informant's data, the officers lacked reasonable grounds. Since, for reasons discussed in the next paragraph, the informant's data cannot here be considered on the issue of reasonable cause for a nonwarrant arrest, we need not decide whether or not the data, including that information, was sufficient, lacking the magistrate's imprimatur.

While the name of an informant need not be disclosed

[3] "Any assumption that evidence sufficient to support a magistrate's disinterested determination to issue a search warrant will justify the officers in making a search without a warrant would reduce the Amendment to a nullity and leave the people's homes secure only in the discretion of police officers." (*Johnson* v. *United States* (1947) 333 U.S. 10, 13-14 [68 S.Ct. 367, 92 L.Ed. 436, 440].)

See, also: *United States* v. *Ventresca* (1965) 380 U.S. 102, 106-107 [85 S.Ct. 741, 744-745, 13 L.Ed.2d 684, 687-689]; *Chapman* v. *United States* (1961) 365 U.S. 610 [81 S.Ct. 776, 5 L.Ed.2d 828]; *Jones* v. *United States* (1960) 362 U.S. 257 [80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233].)

to a magistrate in connection with an application for a search warrant, unless the magistrate requests it,[4] it is, of course, now well settled that, where an officer relies on data from an informant to show probable cause for a nonwarrant arrest, the name of the informant must, on timely demand, be disclosed, on penalty of having the informant's data stricken and disregarded. (*Priestly* v. *Superior Court* (1958) 50 Cal.2d 812 [330 P.2d 39].) ■ Here, defendant duly demanded the name of the informant at the preliminary examination and the demand was peremptorily refused; the point was followed up by a motion to strike, made in the superior court. At no stage of the proceedings was the name of the informant divulged. For lack of disclosure, the informant's data cannot be relied on to show probable cause. As we said above, without that data, the other information was insufficient.

■ Since the evidence disclosed by the search of his person showed that the commission of the crime of possession of heroin, in violation of section 11500 of the Health and Safety Code, was then being committed in the officers' presence, the detention of defendant thereafter was clearly lawful.

## II

We turn, then, to the principal points urged by defendant: (a) that the search warrant was void because not based on a sufficient affidavit; and (b) that (assuming the validity of the warrant as such) the authorization therein contained for service at night was void because "good cause" for such action did not appear on the face of the affidavit, as section 1533 of the Penal Code requires.

■ The latter contention is now determined, adversely to defendant, by the recent decision of the Supreme Court in *Solis* v. *Superior Court* (1966) 63 Cal.2d 774 [48 Cal.Rptr. 169, 408 P.2d 945]. In the *Solis* case, a warrant had authorized search at night, although based on an affidavit which was entirely silent as to any nighttime activity of defendant and which did not pray for the special permission. The Supreme Court held that the affidavit, nevertheless, was sufficient to show "good cause" for a night search. The court said at page 776: "It is common knowledge, at least to those engaged in law enforcement, that heroin is the most dangerous of the illicit drugs; that heroin pushers are among the most dangerous of drug peddlers; and that heroin pushers are as active at night as during the day and probably more so.

"Accordingly, in view of the nature of the contraband, the

[4]See the discussion of this point, *infra*.

affidavit shows good cause for issuance of a warrant that could be served during either the daytime or the nighttime, and in issuing such a warrant the magistrate did not abuse his discretion." In the case at bench, as in *Solis*, the affidavit showed that the premises involved were used by the suspect as the base of his operations and that he came from, and returned to, those premises on the occasion of each contact with a suspected customer. In addition, here there is an allegation, missing in *Solis*, that ". . . your affiant believes, on the basis of his observation, that sales are being made at nighttime, and heroin, marijuana, and other narcotic paraphernalia are likely to be kept on said premises during the nighttime." Since, if the premises were used by defendant as his base from which sales were made, an inference that the premises contained a constant supply was not unreasonable, the acceptance by the magistrate of the affiant's conclusion, thus supported, was well within his discretion.

We conclude, also, that the warrant was validly issued. The determination to issue, or not to issue, a search warrant is primarily for the magistrate to whom application is made, and a court is authorized to set the warrant aside only if, as a matter of law, the affidavit or deposition on which it is based shows, on its face, that the probable cause required by the Constitution and by section 1525 of the Penal Code is lacking. (*People* v. *Govea* (1965) 235 Cal.App.2d 285 [45 Cal.Rptr. 253] ; *Dunn* v. *Municipal Court* (1963) 220 Cal.App.2d 858 [34 Cal.Rptr. 251] ; *People* v. *Prieto* (1961) 191 Cal.App.2d 62 [12 Cal.Rptr. 577] ; *Arata* v. *Superior Court* (1957) 153 Cal. App.2d 767 [315 P.2d 473].)

In the present case, the affidavit alleged that the affiant had been informed "by a reliable confidential informant whose reliability has been established by virtue of three cases in which he gave information that resulted in the arrest and conviction of persons for violating the State Narcotic Laws," that defendant was engaged in the possession and sale of heroin. The affidavit further alleged that the affiant "has made visual contact with Vidal Aguilar and ascertained that the premises located at 629 South Sydney [the premises described in the warrant] are occupied by Mr. Aguilar, and that the gas bill at this location is made out to Mr. Aguilar. Your affiant on two occasions has observed Mr. Aguilar at this location."

Although in cases where a search is based on an arrest without a warrant, the officer, if he relies for probable cause on information obtained from an informant, must, on request of

defendant, disclose the name of the informant or the testimony will be stricken (*Priestly* v. *Superior Court, supra* (1958) 50 Cal.2d 812), the rule is different in cases where the search is made under a warrant. In warrant cases, it is the issuing magistrate who must be convinced of probable cause. If the magistrate thinks it necessary, he may require disclosure of the informant's name, or may require that the informant be brought before him for the purpose of making a deposition under section 1526 of the Penal Code. But, since it is the magistrate who determines reliability of the informant, the option to require disclosure is with him and his implied finding of reliability is conclusive on that point. (*United States* v. *Ventresca, supra* (1965) 380 U.S. 102 [85 S.Ct. 741, 13 L.Ed. 2d 684]; *Aguilar* v. *Texas* (1964) 378 U.S. 108, 114 [84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729]; *People* v. *Keener* (1961) 55 Cal.2d 714 [12 Cal.Rptr. 859, 361 P.2d 587].)

Although the portion of the affidavit above quoted was sufficient as a description of the informant and as giving, on the personal knowledge of the affiant (Officer Cook), facts from which the magistrate could draw his own conclusion as to the reliability of the informant, there remains the question of whether or not that language, standing alone, would have met the test of reasonable cause. It will be noted that the affidavit does not allege that the informant knew, of his own knowledge and by his own observation, either that defendant was "presently engaged in the sale of heroin and in the possession of said heroin," or that defendant "obtains this heroin from south of the border and sells it in the East Los Angeles area." Nor does the affidavit set forth any facts that show what other "underlying circumstances," known to the informant, had led him to arrive at the conclusions as to defendant's activities which the affidavit attributes to the informant.

In *People* v. *Prewitt* (1959) 52 Cal.2d 330 [341 P.2d 1], a reliable informant had phoned the police and had reported simply that "a back office operation was being carried on at" a certain address. The court held that this information justified breaking into the named premises in order to effect a nonwarrant arrest. For reasons above stated, a fortiori, this information would have supported a search warrant. In the *Prewitt* case, the court quoted from *Willson* v. *Superior Court* (1965) 46 Cal.2d 291, 294 [294 P.2d 36], as follows: " 'Although information provided by an anonymous informer is relevant on the issue of reasonable cause, in the absence of some pressing emergency [citation], an arrest may not be based solely on such information [citations], and evidence

must be presented to the court that would justify the conclusion that reliance on the information was reasonable. [Citation.] *In some cases the identity of, or past experience with, the informer may provide such evidence* [citation], and in others it may be supplied by similar information from other sources or by the personal observations of the police.' '' (Italics added.) Many other statements could be cited from California cases which lend support to the proposition that, if the magistrate, in his judgment, is sufficiently convinced of the informant's reliability, a warrant may issue even though the informant's conclusion as to illegal conduct is not supported by averment of the reasons which led him to that conclusion.

However, we were told in 1964 that, in determining the sufficiency of an affidavit for a search warrant, the state courts are held to the standards set down by the United States Supreme Court in its application of the Fourth Amendment to affidavits used in the federal system.[5]

In *Aguilar* v. *Texas, supra* (1964) 378 U.S. 108, 114 [84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729], the United States Supreme Court said: ''Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, [citation], the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, . . .'' And in *United States* v. *Ventresca, supra* (1965) 380 U.S. 102, 108 [85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689], the court repeated that same admonition, saying: ''This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. [Citation.] Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police.''[6]

[5] ''In *Ker* v. *California,* 374 U.S. 23 [83 S.Ct. 1623, 10 L.Ed.2d 726], we held that the Fourth 'Amendment's proscriptions are enforced against the States through the Fourteenth Amendment,' and that 'the standard of reasonableness is the same under the Fourth and Fourteenth Amendments.' Id., at 33, 10 L.Ed.2d at 738. Although Ker involved a search without a warrant, that case must certainly be read as holding that the standard for obtaining a search warrant is likewise 'the same under the Fourth and Fourteenth Amendments.' '' (*Aguilar* v. *Texas, supra* (1964) 378 U.S. 108, 110 [84 S.Ct. 1509, 1512, 12 L.Ed.2d 723, 726].)

[6] To the same effect, see the language used by California courts in: *Dunn* v. *Municipal Court, supra* (1963) 220 Cal.App.2d 858; *People* v.

In light of these quite recent expressions[7] by the United States Supreme Court, it may well be doubted whether the more liberal language of our own Supreme Court may still be relied on with safety by policemen and magistrates. The search warrant now before us would seem to have rested on uncertain ground had it been based on an affidavit containing no more than the allegations thus far discussed.

But we need not, here, determine the full extent of *Aguilar* v. *Texas*. The warrant here did not rest, as did the warrant in that case, solely on the informant's data. Here, the affiant officer alleged that, acting on the tip thus received—as he had a right to do regardless of the sufficiency of that tip—he conducted his own supplementary investigation. In addition to discovering defendant's address, the officer personally observed defendant engaging in activities and maneuvers typical of the professional narcotic peddler and, on one occasion, making contact with a known addict who, briefly after the contact, was discovered to be in possession of heroin.[8] It is true that the actions observed were not conclusive proof of defendant's guilt—both contacts may have been quite innocent and the second person may have obtained his heroin from someone else. But the law does not require certainty, or such evidence as would be sufficient for a conviction; all that is required is that the officer have such information as would lead a reasonable man to entertain a reasonable belief in guilt. There is a strong public policy in favor of the use of warrants.

*Perez* (1961) 189 Cal.App.2d 526 [11 Cal.Rptr. 456] (overruled as to another point in *People* v. *Underwood* (1964) 61 Cal.2d 113, 125 [37 Cal.Rptr. 313, 389 P.2d 937]).

[7]In considering the significance of the language from *Aguilar* v. *Texas*, above quoted, it should be remembered that the affidavit there before the court was insufficient by any standard, since it not only omitted any "underlying circumstances" for the informant's conclusion, but also gave no facts from which the reliability of the anonymous informant could have been tested.

[8]"Your affiant has made visual contacts with Vidal Aguilar and ascertained that the premises located at 629 South Sydney are occupied by Mr. Aguilar, and that the gas bill at this location is made out to Mr. Aguilar. Your affiant on two occasions has observed Mr. Aguilar at this location, leave the location, drive about two blocks from the location, stop, circle the block several times, there be met by a second party (who was a different second party on each occasion), and there have a brief contact with the second party after which the second party and Mr. Aguilar departed separately.

"On the second occasion when Mr. Aguilar met the second party, your affiant followed the second party, observed him to be under the influence of something, stopped the vehicle that this party was driving, arrested the party, found him to be Hector Cano, a known narcotics violator who after search was found to have in his possession approximately one ounce of heroin."

We are cautioned: ". . . the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, . . . must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." (*United States* v. *Ventresca, supra* (1965) 380 U.S. 102, 108 [85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689.)

We conclude—as did three judges in the courts below—that the affidavit, read as a whole, set forth sufficient facts, in sufficient detail, to support the finding of probable cause for the search it authorized.[9]

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

## APPENDIX

In the Municipal Court of East Los Angeles Judicial District, County of Los Angeles, State of California

| State of California County of Los Angeles | } | Affidavit in Support of and Petition for a Search Warrant |
| --- | --- | --- |

---

[9]As to the automobile, the affidavit alleged: ". . . that he has and there is just, probable and reasonable cause to believe, and that he does believe, that there is now in the possession of Vidal Aguilar . . . in a vehicle described as 1958 Ford Thunderbird, California license number OYF 291, white in color . . . the following personal property, to wit: heroin, marijuana and other narcotics paraphernalia, and those materials used in the cutting and packaging of heroin." But although the affidavit further alleged that the affiant was seen "driving," it does not say that he drove an automobile nor, more important, that he drove the particular automobile referred to in the above quoted portion of the affidavit.

We need not determine whether or not the affidavit was sufficient to authorize a warrant for search of the automobile because, although defendant was arrested as he entered that auto, no search of the vehicle was made and no evidence based on that portion of the warrant was offered against defendant.

Personally appeared before me this 14th day of October, 1964, DENNIS A. COOK who, on oath, makes complaint, and deposes and says that he has and there is just, probable and reasonable cause to believe, and that he does believe, that there is now in the possession of VIDAL AGUILAR on the premises located at and described as

629 South Sydney, East Los Angeles, California, the north half of a duplex which also contains 629½ South Sydney, including all rooms, attics, basements and other parts therein, the surrounding grounds and any garages, storing rooms and out-buildings of any kind thereon;

and in a vehicle described as

1958 Ford Thunderbird, California license number OYF 291, white in color;

and on the person(s) of

VIDAL AGUILAR

the following personal property, to wit:

heroin, marijuana and other narcotics paraphernalia, and those materials used in the cutting and packaging of heroin.

Facts, in support of issuance of search warrant:

Your affiant, Dennis A. Cook, is informed by a reliable confidential informant whose reliability has been established by virtue of three cases in which he gave information that resulted in the arrest and conviction of persons for violating the State Narcotics Laws, that Vidal Aguilar is presently engaged in the sale of heroin and in possession of said heroin. The reliable confidential informant further states that Vidal Aguilar obtains this heroin from south of the border and sells it in the East Los Angeles area.

Your affiant has made visual contact with Vidal Aguilar and ascertained that the premises located at 629 South Sydney are occupied by Mr. Aguilar, and that the gas bill at this location is made out to Mr. Aguilar. Your affiant on two occasions has .observed Mr. Aguilar at this location, leave the location, drive about two blocks from the location, stop, circle the block several times, there be met by a second party (who was a different second party on each occasion), and there have a brief contact with the second party after which the second party and Mr. Aguilar departed separately.

On the second occasion when Mr. Aguilar met the second party, your affiant followed the second party, observed him to be under the influence of something, stopped the vehicle that this party was driving, arrested the party, found him to be Hector Cano, a known narcotics violator who after search was found to have in his possesseion approximately one ounce of heroin.

Your affiant believes that the property which he desires the search warrant for, constitutes evidence which tends to show that a violation of Section 11500 of the Health and Safety Code, a felony, has been committed, and that said property is now in the possession of Vidal Aguilar with intent to use it as a means of committing said offense because affiant is a Sergeant of the Los Angeles County Sheriff's Department.

Further, your affiant believes, on the basis of his observation, that sales are being made at nighttime, and heroin, marijuana and other narcotic paraphernalia are likely to be kept on said premises during the nighttime.

That based upon the aforementioned information, facts and circumstances, your affiant has reasonable cause to believe that grounds for the issuance of a search warrant, as set forth in Section 1524 of the Penal Code, exist.

That based upon the above facts, your affiant prays that a search warrant be issued for the seizure of said property, or any part thereof (at any time of the day or night, good cause being shown therefor), and that the same be brought before this magistrate, or to any other court in which the offense in respect to which the property or things taken is triable, or retained subject to the order of this court pursuant to Section 1536 of the Penal Code.

/s/ DENNIS A. COOK
Affiant
DENNIS A. COOK

Subscribed and sworn to before me this 14th day of October, 1964.

/s/ LEOPOLDO G. SANCHEZ

Judge of the Municipal Court
Los Angeles Judicial District

JUDGE LEOPOLDO G. SANCHEZ